IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| In re: | ) | |
|---|---|---|
| | ) | CASE NO. |
| GERRY LANE, | ) | |
| SSN: xx-xxx-7335 | ) | |
| | ) | 17-83476-CRJ13 |
| | ) | |
| Debtor. | ) | |

## MOTION FOR APPROVAL OF PAYMENT OF ATTORNEY'S FEES IN SPECIAL LITIGATION CASE

Comes now the Debtor and files this Motion for Approval of Attorney Fees, Expenses, and Costs to Special Counsel, Thomas S. McGrath and Melissa D. Endsley ("Special Litigation Counsel") and shows unto the Court as follows:

1. Special Litigation Counsel has furnished to the Trustee a copy of his Legal Service Contract which allows counsel fees equaling 33% of all sums recovered and provides that the client is responsible for all expenses incurred.

2. Special Litigation Counsel hereby requests a fee of $35,000.00 which is 33% of the recovery, and expenses of $5,320.87 to be paid from the proceeds of the settlement for which Special Litigation Counsel also seeks approval by separate motion filed herewith.

3. The United States Supreme Court has declared that the "lodestar", as calculated in *Hensley v. Eckherhart*, 103 S. Ct. (1993), presumptively includes all of the twelve factors derived from ABA Code of Professional Responsibility DR 2-106

(1980) and adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974), except, on rare occasions, the factor of results obtained, and perhaps, enhancement for contingency. See *Pennsylvania v. Delaware Valley Citizens' Council* 107 S. Ct. 3078 (1987) (*Delaware Valley Citizens Council II*); *Pennsylvania v. Delaware Valley Citizens' Council*, 106 S. Ct. 3088 (1986); (*Delaware Valley Citizens' Council I*); *Riverside Rivera*, 106 S. Ct. 2686 (1986): *Blum V. Stenson*, 104 S. Ct. 1541 (1984).

4. Under *Hensley*, the starting point in any determination for an objective estimate of the value of an attorney's service is to multiply hours reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. at 895-96 n. 11; *accord Gaines v. Dougherty County Bd. Of Educ.*, 755 F. 2d 1565 (11th Cir. 1985). In evaluating comparability of the market rates being attended to, the Court may wish to consider any of the *Johnson* factors to the extent that they suggest that comparables offered may not be relevant to the issues before the Court or as they may affect the weight to be given to the comparable being offered to the Court.

5. The twelve factors enumerated by the Court in *Johnson* are as follows:

(1) The time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the limitations imposed by the client of other circumstances; (8) the amount involved and the results obtained; (9) the experience and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client: and (12) awards in similar cases.

6. Special Litigation Counsel avers that the twelve factors should be applied as follows:

a. The attorneys have spent a substantial amount of time and labor in their representation of the Plaintiffs in research, reviewing relevant documents, obtaining relevant construction and health department records and negotiating the settlement and negotiating subrogation liens;

b. The attorneys have encountered certain novel questions in their representation of the Plaintiffs in the Litigation, and there have been difficult matters presented as well;

c. The attorneys have demonstrated a high degree of skill in performing the legal services required in this case and have effectively addressed each issue raised during the cause of their representation of the Plaintiffs, whether substantive, procedural, or strategic in nature;

d. The attorneys have been precluded from the representation of other clients because of the time and effort required in properly representing the Plaintiffs in this case during the past 13 months.

e. Attorney's fees in these cases are normally handled on a contingency fee basis, with the Plaintiffs attorney's fees being contingent upon the results obtained and the Plaintiffs attorney is frequently required to invest several months or even years of legal services in such a case, along with the attendant expenses, without receiving any compensation;

f. The time limitations imposed in the representation of the Plaintiffs have been reasonable and customary;

g. Special Litigation Counsel has been able to get the maximum results possible from the opportunities afforded, considering the difficult matters herein and the outcome of the settlement results;

h. Special Litigation Counsel is experienced and enjoys a good reputation as an attorney in the practice of general litigation;

i. The "undesirability" of the Plaintiffs' case is not a factor that applies to this case. The case involved but was not limited to: research, time, labor, ordering and reviewing relevant documents, communication with opposing party, and drafting necessary communications.

j. The nature and length of the professional relationship with the client is a factor for consideration, due to the fact the Special Litigation Counsel has represented the Plaintiffs for approximately 13 months in an effort to resolve this matter; and

k. Special Litigation Counsel further avers that the fee requested is less than is frequently awarded in cases in this district, given the time expended and results obtained, would be comparable, if not higher.

B. APPLICATION OF LODESTAR TO DETERMINE REASONABLENESS OF HOURS

7. Special Litigation Counsel contend that the calculation of reasonable hours should include the following:

a. Special Litigation Counsel's contingency fee is not excessive in cases of this nature.

b. Special Litigation Counsel's efforts have been met with success in this case, and no deduction for unsuccessful claims is appropriate.

8. The Court must next consider the necessity of an adjustment for results obtained. If the result was excellent, then the Court should compensate accordingly. Special Litigation Counsel avers that the results in this case are excellent and that no downward adjustment is necessary or appropriate.

9. The Eleventh Circuit ruled in *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988), that it is perfectly proper for this Court to award attorney's fees based solely on affidavits in the record. See *Mesa Petroleum Co. v. Coniglio*, 629 F. 2d 1022, 1030 (5th Cir. 1980); accord *Mendoza v. City of Miami*, 483 F. 2d 43 0, 431 (5th Cif. 1973). Moreover the Court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses to value.

*Campbell v. Green*, 112 F. 2d 1332, 1334 (5th Cir. 1940); accord *NAACP v. City of Evergreen*, 812 F. 2d 1332, 1334 (11th Cir. 1987); *King v. McCord*, 707 F. 2d 466,468 (11th Cir. 1983)(*King v. McCord. II*);

10. No agreement exists between the attorneys and any other person or entity whatsoever for the sharing of compensation of expenses in this case.

11. In summary, having applied the lodestar approach of *Hensley* and the twelve factors identified in *Johnson* to determine a reasonable attorney's fee, Special Litigation Counsel submit that the compensation requested is fair and reasonable and

that the Plaintiffs have been rendered a benefit, and that the fee and expenses as set out herein should be approved by the Court.

WHEREFORE, Special Litigation Counsel requests that the Court enter an Order:

A. Setting a time for the hearing on said request for professional compensation if necessary;

B. Approving such compensation and entering an order allowing the same to be paid from the amount collected pursuant to the release and receipt; and Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ John C. Larsen
**JOHN C. LARSEN**
*Attorney for Debtor*
Larsen Law, P.C.
1733 Winchester Road
Huntsville, AL 35811
(256) 859-3008
John@JLarsenLaw.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing has been served upon all parties listed below and upon all creditors listed on the matrix electronically or by depositing copies in the United States Mail, properly addressed and postage prepaid on this the 2nd day of October, 2018.

Thomas S. McGrath, Esq.
Melissa D. Endsley, Esq.
McGrath Law Firm
PO Box 2469
Huntsville, AL 35804

Gerry Lane
4950 Old Railroad Bed Rd.
Harvest, AL 35749

Adams Homes c/o National Registered Agent, Inc.
2 North Jackson St.
Montgomery, AL 36104

      A copy was served electronically on Michele T. Hatcher, Chapter 13 Trustee on this the 2nd day of October, 2018

                                                  /s/ John C. Larsen
                                                  John C. Larsen

```
Label Matrix for local noticing          PRA Receivables Management, LLC         U. S. Bankruptcy Court
1126-8                                   PO Box 41021                            400 Well Street
Case 17-83476-CRJ13                      Norfolk, VA 23541-1021                  P. O. Box 2775
NORTHERN DISTRICT OF ALABAMA                                                     Decatur, AL 35602-2775
Decatur
Mon Jul  2 11:16:28 CDT 2018

(p)1ST FRANKLIN FINANCIAL CORPORATION    1st Franklin Financial                  1st Franklin Financial Corporation
PO BOX 880                               6200 Mastin Lake Road Suite D           PO Box 880 Attn: Administrative Services
TOCCOA GA 30577-0880                     Huntsville, AL 35810-2952               Toccoa, GA 30577-0880


AMERICAN EXPRESS CENTURION BANK          AmeriHome Mortgage Company, LLC         AmeriHome Mtg Co, Llc
C/O BECKET AND LEE LLP                   Cenlar FSB                              21300 Victory Blvd Ste 2
PO BOX 3001                              425 Phillips Blvd                       Woodland Hills, CA 91367-2525
MALVERN  PA 19355-0701                   Ewing, NJ 08618-1430


Amex                                     Citibank/Goodyear                       Citibank/The Home Depot
Correspondence                           Citicorp Cr Srvs/Centralized Bankruptcy Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 981540                            Po Box 790040                           Po Box 790040
El Paso, TX 79998-1540                   S Louis, MO 63179-0040                  St Louis, MO 63179-0040


First Service Finance                    Huntsville Loans Company                Internal Revenue Service
Po Box 5973                              1004 Jordan Ln SW. Suite 3              P.O Box 7346
Huntsville, AL 35814-5973                Huntsville, AL 35816                    Philadelphia, PA 19101-7346


Lowe's                                   (p)PORTFOLIO RECOVERY ASSOCIATES LLC    Quantum3 Group LLC as agent for
PO Box 981287                            PO BOX 41067                            MOMA Funding LLC
El Paso, TX 79998-1287                   NORFOLK VA 23541-1067                   PO Box 788
                                                                                 Kirkland, WA  98083-0788


Redstone Fcu                             Redstone Fcu                            Synchrony Bank
220 Wynn Dr                              220 Wynn Dr Nw                          P.O. Box 965050
Huntsville, AL 35893-0001                Huntsville, AL 35893-0001               Orlando, FL 32896-5050


TD BANK USA, N.A.                        Target                                  Gerry Lane
C O WEINSTEIN & RILEY, PS                C/O Financial & Retail Srvs             4950 Old Railroad Bed Road
2001 WESTERN AVENUE, STE 400             Mailstopn BT POB 9475                   Harvest, AL 35749-8359
SEATTLE, WA 98121-3132                   Minneapolis, MN 55440-9475


John C. Larsen                           Melisssa D. Endsley                     Michele T. Hatcher
Larsen Law, P.C.                         PO Box 2469                             Chapter 13 Trustee
1733 Winchester Rd                       Huntsville, Al 35804-2469               P.O. Box 2388
Huntsville, AL 35811-9190                                                        Decatur, AL 35602-2388


Thomas S McGrath
Thomas S. McGrath, P.C.
P.O. Box 2469
Huntsville, AL 35804-2469
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

1st Franklin
135 E Tugalo Street
Toccoa, GA 30577

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Cenlar FSB

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    27
Bypassed recipients     2
Total                  29